956 F.2d 272
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Marion O. SWARTZ, Petitioner,
v.
DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, United
States Department of Labor, Respondent.
 No. 90-2471.
 United States Court of Appeals, Seventh Circuit.
 Submitted Feb. 18, 1992.[1]
Decided Feb. 27, 1992.
 
 Before BAUER, Chief Circuit Judge, COFFEY and KANNE, Circuit Judges.
 
 ORDER
 
 1
 Marion O. Swartz appeals the decision of the Labor Benefits Review Board (Board) affirming the decision of an administrative law judge (ALJ) denying benefits under the Black Lung Benefits Act, 30 U.S.C. § 901, et seq. In an earlier appeal, Swartz v. Director, OWCP, No. 88-1542 (7th Cir. July 26, 1989), we vacated the Board's order and remanded with instructions to consider Swartz's claim in light of the United States Supreme Court's decision in Pittson Coal Group v. Sebben, 109 S.Ct. 414 (1988). In the present appeal, Swartz claims that the Board failed to comply with our earlier order. In the alternative, Swartz asks us to review the merits of his claim for benefits.
 
 I. COMPLIANCE WITH EARLIER APPELLATE ORDER
 
 2
 Swartz applied for Black Lung Benefits in December, 1973.[1] A hearing was held before an ALJ in March, 1984. In November, 1984 the ALJ denied Swartz's request for benefits. The ALJ found that Swartz worked only for nine years and five months and, therefore, was not entitled to a presumption of total disability under the DOL interim regulations, 20 C.F.R. § 727.203. The ALJ further stated that Swartz failed to submit x-ray, biopsy or autopsy evidence establishing the existence of pneumoconiosis. The ALJ then reached the merits of Swartz's claim. The ALJ found that Swartz suffered from a totally disabling respiratory disease, but that the disease did not arise out of coal mine employment. Swartz appealed the ALJ's decision to the Benefits Review Board which affirmed the ALJ's determination.
 
 
 3
 In the earlier appeal, docketed as No. 88-1542, we vacated the Board's decision in accordance with the United States Supreme Court's decision in Sebben. In Sebben, the Court held that the refusal to allow miners with less than ten years of coal mine employment the benefit of the old HEW presumption of disability, 20 C.F.R. § 410.490, violated § 902(f)(2) of the Black Lung Benefits Act.[2] Under the HEW regulations, a miner with less than ten years of employment in the mines could still be entitled to a rebuttable presumption of total disability, whereas under the DOL interim regulations no such presumption was available to miner's with less than the requisite ten years of coal mine employment. Because the ALJ in this case applied only the DOL interim regulations under § 727.203, we vacated the Board's affirmance of the ALJ's decision and remanded for a determination of whether Mr. Swartz could prove entitlement to the § 410.490 presumption.[3]
 
 
 4
 On remand, the Board again upheld the ALJ's denial of benefits, stating:
 
 
 5
 Pursuant to the Court's Order, we have considered this case pursuant to 20 C.F.R. § 410.490 in light of Sebben, supra. We hold that claimant's entitlement to benefits pursuant to Section 410.490 is precluded based on the Court's holding that the administrative law judge's factual determination that claimant had less than ten years' [sic] coal mining employment is supported by substantial evidence, and not irrational or contrary to law and as there is no x-ray, biopsy, or autopsy evidence of record which establishes the existence of pneumoconiosis. See 20 C.F.R. § 410.490(b)(1)(i), (ii); ... We, therefore, reaffirm the administrative law judge's Decision and Order denying benefits.
 
 
 6
 Swartz argues on appeal that our earlier order required a remand to the ALJ. He contends that the Board impermissibly made findings of fact, a function which is beyond the Board's statutorily created scope of powers. Our order did not require a remand to the ALJ, nor did the Board make findings of fact. Because the ALJ found that Swartz could not establish entitlement to the § 727.203 presumption, he made additional factual findings and denied the claim on its merits. The ALJ's order stated that Swartz failed to produce any x-rays, biopsy or autopsy reports which establish the existence of pneumoconiosis. In addition, the ALJ found that Swartz suffered from a disabling disease, but the claimant failed to prove that his respiratory ailments "arose out of coal mine employment."
 
 
 7
 In order to establish entitlement to the § 410.190 presumption, Swartz was required to provide the specified medical evidence and to prove causation (coal mine employment). The ALJ already found these facts adversely to Swartz. The Board, in reaffirming the ALJ's order did no more than find that the ALJ's earlier decision, as a matter of law, precluded entitlement to a presumption under § 410.490. The Board did not exceed the scope of its authority.
 
 II. MERITS[4]
 
 8
 Swartz also asks us to review the merits of the denial of benefits, arguing that he has established that he has a respiratory impairment arising from coal mine employment which entitles him to Black Lung Benefits.[5] "A miner must establish three elements to make out a successful claim for black lung benefits: (a) total disability, (b) that was caused at least in part by pneumoconiosis and (c) that arose out of coal mine employment. 30 U.S.C. § 901(a)." Patrich v. Old Ben Coal Co., 926 F.2d 1482, 1485 (7th Cir.1991) (citing Mullins Coal Co. v. Director, OWCP, 484 U.S. 141 (1987)). We will uphold an ALJ's denial of benefits if the decision "is rational, is supported by substantial evidence, and is consistent with the law." Shelton v. Old Ben Coal Co., 933 F.2d 504, 506 (7th Cir.1991).
 
 
 9
 In its order denying benefits, the ALJ found that Swartz suffered from a totally disabling chronic respiratory impairment. However, the ALJ held that Swartz failed to establish that his respiratory problems arose out of coal mine employment. See 20 C.F.R. §§ 410.416(b), 718.203(a) and (c). The ALJ noted that on one occasion, Swartz's personal physician, Dr. Syed Ali, opined that Swartz's impairment was related to his coal dust exposure.[6] However, the ALJ credited the report of the Department's medical expert, Dr. Sarah Long, who reviewed the claimant's most recent and "most thorough diagnostic workup" from an eleven day hospital stay in 1984. Dr. Long concluded that Swartz's impairments "were not due to coal worker's pneumoconiosis."
 
 
 10
 "[W]eighing conflicting medical evidence is precisely the function of the ALJ as fact-finder." Poole v. Freeman United Coal Min. Co., 897 F.2d 888, 895 (7th Cir.1990). The ALJ noted that only one of the many physicians who examined Swartz concluded that his respiratory ailments were caused by his coal mine employment.[7] Although the ALJ did not analyze all of the evidence which contradicted Dr. Ali's report, he did specifically rely on Dr. Long's report which concluded that Swartz's impairment did not arise from coal mine employment.[8] The ALJ was entitled to give greater weight to Dr. Long's report. Thus, substantial evidence supports the ALJ's conclusion that Swartz failed to demonstrate the presence of pneumoconiosis arising from coal mine employment. The decision of the ALJ is
 
 
 11
 AFFIRMED.
 
 
 
 [1]
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 43(a); Cir.R. 34(f). No such statement having been filed, the appeal has been submitted on the briefs
 
 
 [1]
 The claim was initially denied by the Deputy Commissioner in April of 1976, and reconsideration was denied in December, 1980
 
 
 [2]
 Section 902(f)(2) provides that the DOL regulations "shall not be more restrictive than the criteria applicable to a claim filed on June 30, 1973." Claims filed on or before June 30, 1973, were governed by the HEW regulations found in 20 C.F.R. Part 410
 
 
 [3]
 The pertinent part of 20 C.F.R. § 410.490 provides:
 (b) Interim presumption. With respect to a miner who files a claim for benefits before July 1, 1973, and with respect to a survivor of a miner who dies before January 1, 1974, when such a survivor files a timely claim for benefits, such miner will be presumed to be totally disabled due to pneumoconiosis, or to have been totally disabled due to pneumoconiosis at the time of his death, or his death will be presumed to be due to pneumoconiosis, as the case may be, if:
 (1) One of the following medical requirements is met:
 (i) A chest roentgenogram (X-ray), biopsy, or autopsy establishes the existence of pneumoconiosis (see § 410.428);
 * * *
 (2) The impairment established in accordance with paragraph (b)(1) of this section arose out of coal mine employment (see §§ 410.416 and 410.456).
 * * *
 (e) Failure of miner to qualify under presumption in paragraph (b) of this section. Where it has not been established on the basis of the presumption in paragraph (b) of this section that a miner is (or was) totally disabled due to pneumoconiosis, or was totally disabled at the time of his death due to pneumoconiosis, the claimant may nevertheless establish the requisite disability or cause of death of the miner under the rules set out in §§ 410.412 to 410.462.
 
 
 [4]
 Swartz, on a motion which this court granted, has resubmitted his brief from the earlier appeal, No. 88-1542, in which he raised his arguments concerning the merits of his black lung claim
 
 
 [5]
 The parties question which set of regulations to apply to Swartz's claim. The ALJ applied the HEW permanent regulations, 20 C.F.R. Part 410. However, the ALJ noted in his order denying benefits that the analysis would be the same under either Part 410 or Part 718. We agree, and thus need not decide this question
 
 
 [6]
 Although referred to by the ALJ, the claimant and the respondent, this report from Dr. Ali, which purportedly was written on September 11, 1980, is not in the record. Because the parties do not dispute the existence and content of this report, we will assume for the purposes of this appeal that such a report exists and that Dr. Ali found that Mr. Swartz suffered from a respiratory disease which, in the doctor's opinion, was related to Mr. Swartz's coal mine employment
 
 
 [7]
 In 1975, Mr. Swartz was examined by two physicians, Dr. Frank W. Stewart and Dr. William H. Getty, who both noted that Mr. Swartz was extremely overweight and that it was impossible to know whether Mr. Swartz's problems were related to coal mine exposure. The ALJ, however, did not specifically rely on these reports when denying benefits
 
 
 [8]
 Dr Long recognized that Swartz was diagnosed as suffering from asthmatic bronchitis. However, Dr. Long concluded that Swartz's pulmonary problems did not result from "coal worker's pneumoconiosis." Swartz argues that Dr. Long's statement does not address the question of whether his ailments were caused by coal mine work. We disagree. Dr. Long's statement specifically refers to 20 C.F.R. § 718.201 for a definition of pneumoconiosis. Section 718.201 provides in relevant part:
 "pneumoconiosis" means a chronic dust disease of the lung and its sequelae, including respiratory and pulmonary impairments, arising out of coal mine employment.... For purposes of this definition, "arising out of coal mine employment" includes any chronic pulmonary disease resulting in respiratory or pulmonary impairment significantly related to, or substantially aggravated by, dust exposure in coal mine employment.
 Although Dr. Long's statement is not a model of clarity, we believe that the ALJ properly concluded that Dr. Long's statement that Swartz's asthmatic bronchitis did not arise from "coal worker's pneumoconiosis" means that it was not caused by coal mine employment. If a miner's respiratory or pulmonary disease does not arise from coal mine employment, it is not, by definition, pneumoconiosis. Chastain v. Freeman Coal Mining Co., 919 F.2d 485 (7th Cir.1990).